we'll move to the last one for today which is Fuller and Piniella versus Carollo. Mr. Cuny, well we'll wait to get him on. Mr. Scott's gonna stay with us and we're gonna have Mr. Gutchess also join us. Your honor I'm on I'm trying to Okay, just hold on a moment. Judge Choflat has stepped away for a moment. Oh, Judge Hull has stepped away for a moment. I'm sorry. The video displays change and I lose track of who's in what box. I cannot hear Judge Hull at all and she may have it muted. Barely now. Your honor I'm getting a message that says you can't start your video because the host has stopped it. Well we have custom live streaming service I show and I see everybody else. Mr. Maycott, oh there we go. Now we have Mr. Gutchess. Thank you. Okay, Mr. Cuny. Good morning your honors. With co-counsel Tom Scott I am Ben Cuny counsel for City of Miami Commissioner Joe Carollo who challenges the denial of his qualified and legislative immunity defense to a civil rights claim alleging First Amendment retaliation. This is a classic qualified immunity case for a local municipal official who stands in a policymaking body not an executive function authority. The magistrate judge in the report and recommendation at this case docket entry 99 that was adopted by the district judge that became the order found that Commissioner Carollo was acting in his discretionary authority and I point out to the court docket entry 99 page 21 and I'm quoting therefore in his ardent reporting and investigation of potential code violations as alleged Carollo was acting within his discretionary authority under the qualified immunity doctrine. It does seem to me that at least some of your clients actions that they were if I understand the city charter correctly that some of them at least would have been outside his the purpose of inquiry the city charter would would not allow him to interact with and in direct basically a lot of administrative staff of the city. Am I am I misunderstanding that? Your honor the specific answer to your question found in charter section 4d says and I'm quoting except for purposes of inquiry no orders can be made to subordinates that's the portion your honor is speaking to. Yeah. In this case and there weren't inquiry back when this you know this law was was enacted what by the legislature what 1925 or be asking questions to elicit information that's that's what that's about right? In a sense your honor here is why the complaint is insufficient to overcome the district judge's determination that the actions were within the discretionary authority and I note your honor there is no cross appeal on that finding by the district judge by the magistrate. It doesn't have to be we've got to determine whether the district court properly understood that question or not. Of course judge and the second aspect is in relation to the policy making function of the city commissioners not executive branch agency the city commissioners conduct was in the nature of fact-finding for purposes of enforcing the quality of life in his jurisdiction. And so far the complaint alleges that that he was actually giving orders to and directing the conduct of subordinates of the city manager that would be outside his discretionary authority would it not? It would only be outside his discretionary authority chief judge if the action taken by the enforcing authority the executive branch agency was not allowed to be taken. So for example directing or making inquiry to the code enforcement director I think there's a violation of health safety and having his subordinates take action issuing code violations if found or conducting an investigation is entirely within the authority of a district commissioner whose job is to essentially act on behalf of the population in his a person in the code enforcement division or whatever it is to go to the property site could the commissioner do that? Yes your honor. He can tell the head of the agency to send somebody there? For purposes of inquiry. That's not inquiry that's an inquiry is eliciting information asking questions it's not directing some subordinate to go to a particular place and do something is it? Yes your honor for purposes of inquiry asking a an executive branch function department director to go to a location to determine what is happening is in fact authorized at no time is there an allegation that Commissioner Carroyo directed any official to issue a citation arrest somebody shut something down it was for the purpose of seeking the information that had come to his attention that is precisely what is allowed by a commissioner who has no authority to execute the laws or the authority of the municipality so making inquiry in the form of seeking information to determine what is happening is precisely what is allowed within the city charter precisely what Commissioner Carroyo was alleged to have done and as pointed out in the complaint Commissioner Carroyo did no conclusory conduct that was outside of his scope of inquiry or his own inquiry walking around the Commission going to tenants trying to find out what is going on since there is an absence of any allegation which goes to the plausibility prong that Commissioner Carroyo acted in excess of his authority as a fact finder and policymaker the sufficient to establish the plaintiff's burden once the judge has found this was within his broad discretionary authority and as the court knows the purpose of a commissioners actions is not a factor in determining if the commissioner the discretionary authority that's the Harbert case cited in the briefs so in applying this the court uses the Holloman minimum level of generality is this conduct of making inquiry by seeking fact-finding as opposed to conclusory accusations within the commissioners authority it is and because there is no direct connection to the First Amendment claim remember the only First Amendment claim comes pre-election the allegation that the plaintiffs supported Commissioner Carroyo's opponent no single allegation while Commissioner Carroyo is a commissioner of the plaintiffs exercise of their First Amendment expression the magistrate judge and the district judge was incorrect in concluding the plaintiffs established their secondary burden to show that Commissioner Carroyo did in fact infringe on their First Importantly that infringement was in clear violation of known law we have pointed out in the briefs that at no time has have the plaintiffs cited a single case that is factually similar or even relatedly similar involving a policymaking authority the police cases involved this looks a lot like Bennett the Hendricks case is a classic law enforcement police harassment and executive branch agency where those executive branch officers are permitted and can in fact enforce authority issue tickets make arrests those cases are municipal legislators which is what Commissioner Carroyo is we've also argued legislative immunity applies because all the aspects of Commissioner Carroyo's consignors and your legislative immunity argument is really different from the one that you presented to the district court the one that you presented to the district court the district court accepted now you're trying to argue that there is legislative immunity for conduct beyond that which you had identified in the district court your honor we have taken in the appeal the view that all of Commissioner Carroyo's conduct is imbued in the legislative function that's that wasn't what you argued in the district court we did articulate several specific instances of conduct for which the district court accepted were were protected by legislative immunity yes your honor and the argument extended to the entirety of the conduct is being imbued with the type of fact-finding I think we understand your case so as I understand it is is mr. Scott gonna take the rebuttal time yes your honor mr. Scott will handle rebuttal I see okay thank you mr. Dutchess yes good morning your honors thank you again I'm Jeff Gutchess I represent the plaintiffs appellees William Fuller and Martin Kenia the allegations in this case show a legislator who was not acting as a legislator or rather was acting as a Miami City Charter in doing so to harass intimidate and destroy the business of the plaintiffs solely because they had supported his political opponent in a runoff election and subsequently after he was appointed had filed an ethics complaint against the specific constitutional violation of the current after he took office your honor the all of the retaliation occurred after he but what constitutional right the right there's two of them your honor the first is the supporting of a political opponent that happened before he took office and then the retaliation took place after but the second one was filing an ethics complaint in March three or four months later which he further retaliated against once that ethics complaint was withdrawn both of which you your argument is that these are both in retaliation for his exercise of his First Amendment right to free speech yes absolutely your honor let me let me just say that this case is about as straightforward as you can get the court could simply adopt its opinion in Bennett or Bailey and that would answer the case the only difference here is as mr. CUNY pointed out is that Commissioner Carollo is not a police officer and was not acting with a discretionary authority of a police officer here he is a commissioner and as the court focused on his role is limited and I'd like to take a moment to look at the Miami City Charter because because mr. CUNY said that except for purposes of inquiry he may not give orders that's not what it says it says except for purposes of inquiry he shall deal with the administrative service solely through the city manager right it goes on to say that he may not give any orders to any subordinates of the city there's no inquiry exception giving any of the city manager and then it goes on to say that any such orders shall be a violation of the city charter and shall be he shall be held criminally liable and could be removed from office that is a very strict limitation on his discretionary authority and your honor if you read the complaint which I've had the pleasure of reading again in the last few days it's it's amazing the pleasure of reading your own writing once in a while I get some things some things right but if you look at this complaint and the allegations in there there are so many detailed factual allegations of city officials testifying stating that it was Commissioner Carollo that was not only giving orders but was in fact harassing calling them at the middle of the night saying get out there and when they fought back he was arguing with them these city employees were afraid they were intimidated into doing his work and so can you hear me I have a question about your complaint can you hear me yes your honor I can hear you very well since you brought up your complaint you had an amended complaint and the district court order that did not qualified immunity dismissed your amended complaint and gave you leave to file a second amendment complaint correct your honor I believe the district court as to the amendment granted the motion to dismiss the amended complaint denied qualified immunity and said leave to amend that was on June 13th you filed a notice of appeal on June 26 and here's my concern then you filed a second amended complaint on 628 that's the complaint that is now there in the court this is a procedural concern I had and there may be a way to fix it but at the complaint that you and your second amended complaint has some more allegations in it more damages I've compared the two my concern is that the complaint that you are now saying they did not qualified immunity to has been dismissed so help me with this it's gone we have a second amendment complaint that got filed after the notice of help me your honor is it is a procedural issue I don't know why we we don't have to send it back to the district court to make this ruling again on the second amended complaint he might well do you've amended it I guess we got an interlocutory appeal of the denial of qualified immunity as to the amended complaint that was also dismissed before the notice of appeal and then after the notice of appeal pursuant to the leave to amend you filed a second one and and maybe you can y'all can talk about this later or give me a letter brief or something I don't know that you thought about that your honor as a practical matter of course it was the defendants who filed the notice of denial of qualified immunity right and that's what they took an appeal from that right yes and as it was the dismissed it was a partial dismissal of the complaint or was it a complete dismissal I thought it was only a partial dismissal partial dismissal dismissal the district court upheld the claims against most of the claims against Commissioner Correo there was an exactly exactly I thought the district court dismissed the whole complaint and said leave to amend it so maybe this goes to your opponent that I don't know what he's got up here on appeal no it's actually she the district court dismissed only as to the city of Miami and and another co-conspirator Mary Lugo when we filed our second neither of whom were before us neither of whom were we did not add them back in as the second amendment complaint we've proceeded with solely at the claims against Commissioner Correo which are almost identical to the amendment complaint that's before the court we added a letter from the city of Miami Police Commissioner where he said in writing the Commissioner Correo was targeting these individuals unlawfully and we added more detail as to damages and the reason we none of that would be before us because that was not before the district court when it did not correct correct I'm looking at the district court order is he orders that the Joe Corolla's motion dismiss is granted as to the complaint and the plaintiff should have leaved him in the complaint you're saying that was a partial dismissal yes your honor that was definitely a partial so what the district court did was that adopted the magistrate judges report and recommendation right yeah and that and that report and recommendation had been for a partial dismissal exactly that's the way I thought that's the way I thought this had unfolded that that's exactly the way to unfold it so so the problem is is whether or not our decision would be provisional that's you follow me no I mean I believe under article three we can't issue a provisional decision that that that's what this is all about the amended complaint problem right yeah yeah as the court knows we didn't really have to be a dry run another complaint down there that has the same claim and this the I don't think the subsequent amendment complaint doesn't change and substance any of the allegations and it's basically just on hold that's my understanding the second amendment complaint is not weaker right part of the commission exactly so back to the city charter for just a moment I think it's important to read the whole charter to see where it where it outlaws the action at issue here and then to compare it to the complaint where we discuss in detail the allegations where many many city officials either testified under oath or told mr. Fuller that this was these are not only orders by Commissioner but they were actually for the purpose of political payback and retribution so that's what makes this case somewhat remarkable if you get what you know once you look at this whether he's acting within his discretionary authority or not I think you have two cases to look at the first is Espanola way from the Court of Appeals of the 11th Circuit in 1982 it's another Miami City Commission case and the key quote is on the qualified immunity analysis quote an undertaking of repeated harassment is not within the scope of the Commissioner's discretionary authority and quote and the other case is of course the estate of Cummings versus Davenport in which the the prison official warden entered an end-of-life order in contra and contravention of the law of that that restricted such orders to certain individuals and the court this court held that in doing so that official had gone beyond his discretionary authority a very well-reasoned opinion once we get to the Bennett case the allegations of the Bennett case are remarkably similar and and so are the allegations of the Bailey case and it basically talks about sheriffs or police officials following the plaintiffs surreptitiously surveilling them trumping up charges against them things of that sort that's exactly what happened in this case you can compare the allegations and they are you know not identical but you can't see any light between them the again the only difference being that this was a commissioner not a police officer the you know the significance of these cases is they they help you know clearly and expressly that this form of retaliation is a clear violation of the United 1998 that this has been settled law and since 1998 you've had the Bennett case you've had the Bailey case and when we when we look at the other cases around the country I mean every single circuit has held that this this is clearly established this type of conduct there's no room to argue there's that there's no knowledge that this could possibly be a violation of the First Amendment you know I I don't want to take up too much time in the court I see I have two minutes left but I but I do want to say the second amended complaint your your honor I I don't know the answer to that whatever this court holds will be applicable to both the amended complaint and the second amended complaint but in terms of what is operative or what is not I don't know we didn't have any choice but to file that and the deadline the district court had given us and the district court stayed the action afterward it did your honor the commissioner moved to second amendment complaint was fine it's stated correct allegations of retaliation more substantive allegations yes additional allegations later expands the request for injunction it does lots of things it's it's fully restated it's not an amendment to the prior one it's a fully restated second amended complaint right and the case will travel on that complaint yes your honor that the case has definitely been expanded to include the additional allegations so I'd like to close just by saying that you know this really is an important case because any any any order other than an affirmance of the district court is going to result in people being afraid to participate in politics and we want them to participate mr. Fuller and mr. Pena have been in Miami a long time and they were afraid to to outwardly support Alfie Leon because of Commissioner Corolla's reputation for political retribution they they hosted these surreptitiously but it was on their property so the commissioner commissioner knew it was them and then he found mr. Moreau found mr. Pena at the property called him and he challenged him and this is the exact type of conduct that that we cannot allow in our democracy we need people to be free to support the candidate that they choose without retribution from elected officials okay we understand your case mr. Scott you've saved five minutes for rebuttal I just have a few points because I think the panel understands the case pretty well I argue we do what do we do about judge Hall's questions about do we have a proper appeal I can only explain to you the status what she did was she dismissed the complaint and she and threw out two of the defendants left the most of the allegations against Commissioner Corolla but she also told it was a partial dismissal or not it was it was a full I mean she dismissed the case there's no doubt about that and told him to refile but it was largely along the line mr. Dutch and said it was basically to clarify the damages and things like that because there was a question about had they asserted proper damages and things like that so she wanted them to mop up that part aspect to it she ruled on a qualified immunity issue and admitted the complaint and filed it in the meantime we had to take the appeal on the qualified immunity to the district judge or waive our objection so that's what we did I mean that's the status of the case the Clover Court level it's a technical matter then I guess the only other way it would properly get to us would be to reassert the defense of qualified immunity and have it denied again but you're saying that the case is framed in such a way that it's it's the same it would just might be identical yes that's what I'm saying to the court and and I think and I think mr. Gutchins interpretation was correct we took the appeal because we had to he amended the complaint he had to and then the court stated and that's why we're up here but the major part emphasis on the amendment was on cleaning up the damages and things like that because it was very unclear and it she wanted to correct it and so that's really what occurred as I recall in the lower court mr. Gutson made the point about the dramatic effect of chilling effect on his clients let me the whole purpose of qualified immunity is already the case law is just the opposite for the Commissioner it's to have the Commissioner to have the ability to take action and do things that's why qualified immunity is so important to people like paroil paroil was concerned with that had complaints and this a lot of this is it documented in the documents attached to the complaint there's a Commission on ethics report on and that and it really does but if you give plausibility to what Commissioner did in this particular case because it substantiates a lot of the complaints that were that were really real against these particular plaintiffs and it was that reason that royal was out there to do it was to make sure they were doing it correctly on the issue of the Charter I mean I think mr. CUNY properly explained it it's our position that under the Charter he can make inquiry that's clear and the inquiry he made was by contacting the different people at the different departments and asking them to go out and do these things he couldn't he couldn't order them to do it he could ask them to do it and and and that's what he did he was performing his tasks as a legislature to clients so I would say to the court that the issue qualified immunity the court found it was discretionary we don't think the law is clear and that he was put on notice and we think the qualified immunity should apply in this case thank you judge thank you mr. Scott we have your case and that'll be our last argument this morning we'll be in recess until tomorrow morning thank you very much have a good day folks